JERSEY CITY v. UNITED STATES et al.

Civ. No. 193.

United States District Court
D. New Jersey.
March 15, 1950.

Francis K. Fahy, Jersey City, for plaintiff.

William A. Roberts, Washington, D. C., for Hudson & Manhattan R. Co.

Edward M. Reidy, Washington, D. C., for Interstate Commerce Commission.

William D. McFarlane, Sp. Asst. to the Atty. Gen., for the United States.

Before MARIS, Circuit Judge, and SMITH and MEANEY, District Judges.

MARIS, Circuit Judge.

The City of Jersey City seeks in this action an injunction enjoining the operation of an order of the Interstate Commerce Commission entered March 6, 1950 granting the Hudson & Manhattan Railroad Company an increase of its local interstate fares to 15 cents. The facts are fully set forth in the report of the Commission, 277 I.C.C. 313, and need not be repeated here.

We are met at the outset by the question whether the City of Jersey City has standing to maintain the suit. The suit is brought under 28 U.S.C. § 1336. Neither that section nor its predecessor Section 24(28) of the Judicial Code of 1911 specifies the classes of persons who may sue to set aside an order of the Commission. But it is a recognized principle that the judicial power may not ordinarily be invoked by one whose own rights are not affected. Tyler v. Judges of the Court of Registration, 1900, 179 U.S. 405, 21 S.Ct. 206, 45 L.Ed. 252; Ex parte Levitt, 1937, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493. Here the plaintiff has not shown that any of its rights as a municipal corporation will be adversely affected by the Commission's order. It seeks rather to protect the interests of its citizens. But it has no standing to do so for the Commission represents the public, including those members of the public residing in Jersey City. United States v. Merchants & Manufacturers' Traffic Association, 1916, 242 U.S. 178, 188, 37 S.Ct. 24, 61 L.Ed. 233; Texas v. Interstate Commerce Commission, 1922, 258 U.S. 158, 42 S.Ct. 261, 66 L.Ed. 531.

The fact that the city appeared and actively participated in the proceedings before the Commission does not give it stand-

ing to bring this suit. Pittsburgh & West Virginia Railway Company v. United States, 1930, 281 U.S. 479, 50 S.Ct. 378, 74 L.Ed. 980. Nor does 28 U.S.C. § 2323 have that effect. Under that section a community, such as Jersey City, may intervene, if it is interested, in a suit brought by a proper party to set aside an order of the Commission. But the section does not authorize such an intervenor itself to bring suit in such a case. Moffat Tunnel League v. United States, 1933, 289 U.S. 113, 53 S.Ct. 543, 77 L.Ed. 1069. It would thus appear that the complaint must be dismissed because the plaintiff is without standing to prosecute it. However that may be, we are clear that the complaint must in any event be dismissed on its merits.

The Interstate Commerce Commission is empowered by law to prescribe such rates for interstate carriers as it may find to be just and reasonable. Atchison, T. & S. F. R. Co. v. United States, 1914, 232 U.S. 199, 34 S.Ct. 291, 58 L.Ed. 568. After lengthy hearings and the consideration of voluminous testimony and exhibits the Commission made such a finding here. Our consideration of the record before the Commission satisfies us that there was abundant evidence to support this finding. This is so clear that detailed discussion here is quite unnecessary. We need only mention the fact that the Railroad Company's average railway operating income per year for the three years from 1946 to 1948 inclusive, was less than 1% of the depreciated value of its railroad property.

The Commission's report contains a full statement of the grounds for its determination. These serve to emphasize the propriety of its conclusion that a fare of 15 cents is justified at this time. The plaintiff does not seriously question the Commission's subsidiary findings. Its principal attack is upon what it asserts is the Commission's failure to find that the Railroad Company has been economically and efficiently managed. It asserts that in the absence of such a finding the Commission's ultimate conclusion is not justified. The commission found, however, "that petitioner is being operated economically and effi-

ciently". 277 I.C.C. 318. The plaintiff seeks to make a distinction between "managed" and "operated" but we think that in this case there is no legal distinction to be made between them.

A judgment will be entered dismissing the complaint.