# Farrell v. Altoona CATV Corporation, Appellant.

Argued October 1, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*George F. Mahaney,* for appellant.

*Anthony Perfilio,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE COHEN, November 9, 1965:

The simple question presented for our decision by this appeal is whether a third class city may, *by resolution,* grant a corporation permission to erect and maintain wires and cables over, across, through or under streets, alleys and other public places in the city.

The lower court determined that the Act of June 28, 1951, P. L. 662, §10.4, 53 P.S. §36057 which provides: "No franchise or consent to occupy the public

streets, highways, or other places in any city of the third class shall be given or granted to any person or persons, railroad, railway, gas, water, light, telephone or telegraph company, or to any public utility corporation, except by ordinance, and no ordinance for such purpose shall go into effect before thirty days after it has been filed with the Public Utility Commission." requires in unambiguous language that permission to occupy the streets must be granted by ordinance rather than by resolution. We agree with that determination.

In *46 South 52nd St. Corporation v. Manlin,* 398 Pa. 304, 157 A. 2d 381 (1960), we held that the public rights in the streets of the city are in the exclusive possession of the municipality which may authorize the use of the sidewalk as well as the cartway for public service. Throughout the *52nd St.* case it was implicit that the establishment of rules and regulations pertaining to the occupancy of streets and sidewalks could only be adopted through the formality of an ordinance. While the Act of 1951, P. L. 662, §10, 53 P.S. §36010, requires that the legislative acts of city council may be by resolution or ordinance, only the ordinance is required to be signed by the mayor and attested by the city clerk. A resolution need not be so executed. This Act further required that an ordinance shall be presented in written form as bills; shall be numbered serially for the calendar year; shall not be altered or amended on passage through council so as to change the original purpose, and that ordinances, excepting appropriation ordinances, should not contain more than one subject which should be expressed in its title. Every ordinance is required to be read at length and no ordinance shall be passed finally on the same day it was introduced, and that three days must intervene between introduction and final passage. None of these requirements pertain to resolutions. Hence, ordinances are the most solemn act of a third class city and it is

essential to their validity that they be adopted by the proper body in a manner prescribed by the municipal charter or enabling statute. Nothing less than the most solemn enactment required by law is permitted as evidencing the consent of the city to the occupancy of the public streets. Such a grant affects the basic rights of the adjacent landowners and should not be effected by a legislative process so loose and informal as a resolution.

Judgment affirmed.