**DISPATCH, INC.**

v.

**CITY OF ERIE and Council of the City of Erie and Erie Television Corporation, Intervenor.**

Civ. A. No. 87–65.

United States District Court
W. D. Pennsylvania.

Dec. 28, 1965.

John M. Wolford, Erie, Pa., for plaintiff.

Robert H. Chase, Erie, Pa., for defendants.

John English, Erie, Pa., for Erie TV.

WILLSON, District Judge.

The relief sought in this civil action is solely that of an injunction. Plaintiff Dispatch, Inc., is a Pennsylvania corporation with its principal place of business in the City of Erie in this District. It owns and operates television and radio stations known as WICU, being duly licensed by the Federal Communications Commission. The defendant City of Erie is a municipal corporation of the third class under the law of Pennsylvania. The Council of the City of Erie is the legislative body which governs the operation of the city government. The Court permitted Erie Television Corporation, the owner and operator of another television station in the City of Erie, to be made an intervening defendant. In this litigation it sides with the City of Erie.

Attached to the complaint is an ordinance of the City of Erie, No. 39–1965, which the parties now admit has been duly passed by the council of the city and is in all respects a legal enactment. The title of the ordinance is as follows:

"Providing for the granting of franchises for Community Antenna Television Systems; establishing regulations and conditions for the construction, maintenance and operation thereof; the fees to be paid therefor and providing penalties for violations."

Plaintiff urges that this Court grant an injunction enjoining the City of Erie and the Council of the City of Erie from carrying out the provisions of the ordinance.

This case first came on for hearing before the Court on the motion of the

defendants City and Council for dismissal. After that hearing an order was entered on November 24, 1965, denying the motion and suggesting that answers be filed and thereafter, in the event that there were no factual issues, motions for summary judgment would be entertained. Counsel abided by the Court's suggestion, and answers have been filed, and a motion for summary judgment was filed by defendants. The attorneys have been heard at argument, and at that argument held on December 17, 1965, there appeared no controversy whatsoever as to the factual situation presented. The terms of the proposed ordinance are clear and, as indicated, a copy has been furnished to the Court.

From the pleadings therefore and the exhibits attached thereto, and the statements of counsel which appear of record, there is no genuine issue as to any material fact. Summary judgment is therefore the appropriate method of securing a final decision in this Court. It is to be again noticed that only relief sought is a final injunction enjoining the enforcement of the ordinance. At the outset this Court is aware, as is counsel, that such relief is extraordinary in the usual legal sense. It is to be noticed also that there is no diversity jurisdiction in this case, and that the relief, if any, to be given plaintiff must arise under the Constitution or some Act of Congress. As a matter of fact plaintiff invokes only the federal-question jurisdiction of the Court in its many allegations with respect to its claims for relief.

It is to be noticed that in the definition of terms as used in the ordinance in Section 2(e) CATV is defined as:

" 'Community Antenna Television System'—Sometimes referred to herein as CATV. Shall mean a master community antenna, the lead cable or cables therefrom to the City and/or throughout the City, the distribution cable or cables from the lead cable or cables to individual subscribers, and all necessary equipment and parts for the purpose of receiving at the antenna and distributing to subscribers, television programs or signals from television stations licensed by and operating under the supervision of the Federal Communications Commission. It is not intended to mean and it shall not mean:

1. Special programming in the manner commonly known as 'Pay TV'.

2. Originating and televising programs or signals.

3. Recording programs or signals either by tape or otherwise, for telecasting or broadcasting purposes."

It is noticed also that under Section 3 the franchise to be granted will permit the grantee to engage in the business of operating and providing a CATV system in the City of Erie and for that purpose to erect, install, construct, repair, replace, reconstruct, maintain and retain in, on, over, under, upon, across and along any public street or highway, such wires, cable conductors, ducts, conduit, vaults, manholes, amplifiers, appliances, attachments and other property as may be necessary and appurtenant to the CATV system; and in addition so to use, operate and provide similar facilities or properties rented or leased from a public utility franchised or permitted to do business in the City of Erie. It is provided under this section also that a grantee may make a charge to subscribers for connection to its CATV system, and that the charge is only for transmission to the subscribers of television and audio programs received free by the public generally at the same time from regularly licensed stations. No charge may be made to subscribers for any other transmissions directed to them.

At this point it is interesting to refer to the reasons why plaintiff says the ordinance is illegal and void and should be enjoined. Plaintiff in its grounds for relief pleads its case by a shotgun type of pleading. It appears to this Court that it desperately shoots in some twelve directions hoping to strike an area where federal law has application. But as this Court sees it, there is no federal issue in

this case whatsoever. In Paragraph Twelve of the complaint some twelve reasons are advanced why the ordinance is illegal. But at the argument and in its brief, plaintiff's counsel has confined itself to four propositions as follows:

I. The federal government has preempted the field.

II. The revenues proposed in the ordinance are an unconstitutional burden upon interstate commerce.

III. Under Pennsylvania law the City of Erie has no legal power to become a partner in CATV.

IV. The ordinance conflicts with the right of free speech guaranteed by the Constitutions of the United States of America and the Commonwealth of Pennsylvania.

It is well to briefly discuss the four contentions made by plaintiff.

■ (1) Plaintiff says that the federal government has preempted the field. Plaintiff says CATV is in the exclusive federal domain by specific preemption. The Federal Communications Act of 1934 is cited, 47 U.S.C.A. § 151 et seq. But in this connection it must be noted at the threshold that the ordinance does not in anywise conflict with or restrict the operation of plaintiff's television station, nor does not in any way control or regulate the origination and content of programs. These matters are governed by the Federal Communications Act and the Federal Communications Commission. It has been held and very recently that television signals in the air are in the public domain, and that there is no property right of any person to be protected insofar as television signals are concerned. See Cable Vision, Inc. v. KUTV, Inc.; The KLIX Corp. et al., 9 Cir., 335 F.2d 348, where the Court at page 352 says:

"Such taking and gainful use of a product of another which, for reasons of public policy, the law has refused to endow with the attributes of property, does not become unlawful because the product happens to have been taken from a rival and is used in competition with him."

The case cited seems to this Court to be a complete and full discussion of the subject of preemption. Recent decisions of the Supreme Court are cited which emphasize the federal policy, i. e., free access to copy whatever the federal patent and copyright laws leave in the public domain.

The Court speaks generally of the public domain and what is encompassed in it and by the term. As in that case, it is incontrovertible that under the ordinance broadcasts are received and distributed by the community antenna without any modification of program content. As indicated also other decided cases in the federal courts have concluded that Congress has not preempted the adjustment of property rights in the communication field by the passage of the Communications Act of 1934. Thus it is clear that there is no issue of any substance whatsoever in the allegation that the federal government has preempted this field. In fact, the Federal Communications Commission has from time to time said that it has not and will not occupy the field of CATV. This Court accepts the statement in the Intervenor's brief that the Federal Communications Commission Chairman E. William Henry on the 28th of May 1965, testified before the House Committee on Interstate and Foreign Commerce concerning H.R. 7715, a Bill specifically to extend the Commission's jurisdiction to community antenna systems. In testifying with regard to that Bill, the Chairman stated:

"The Commission does not contemplate regulation of such matters as CATV rates to subscribers, the extent of the service to be provided, or the award of CATV franchises."

At the present time the federal government has not entered the field of CATV.

■ (2) Plaintiff urges that the revenues proposed in the ordinance are an unconstitutional burden upon interstate commerce. In the opinion of the Court this proposition is without merit. Without reviewing decisions of the appellate courts and particularly the Supreme

Court, in any detail, it is a safe conclusion that the decisions cited by plaintiff have been misinterpreted with respect to the present issue. Interstate commerce is not involved in or with the ordinance. It does not infringe upon the interstate communications or commerce. As indicated the television signals are free in the air and in the public domain. The revenues to the City arise from the charge which the franchise holder will exact from its subscribers. But he in turn pays the City for the privilege of erecting and using structures upon its public streets. It is not a burden upon a television signal or any item passing in interstate commerce. Plaintiff's counsel cites two cases involving so-called gross receipts taxes, one on a radio station and the other on receiving sets, which tax the federal courts have declared to be a burden upon interstate commerce. See Fisher's Blend Station, Inc. v. Tax Commission of State of Washington, 297 U.S. 650, 56 S.Ct. 608, 80 L.Ed. 956 (1936); and Station WBT v. Poulnot, D.C., 46 F.2d 671 (1931). However, those decisions are not controlling in the instant case where the charge is made for use of a local facility. See Central R. Co. v. Com. of Pennsylvania, 370 U.S. 607, 82 S.Ct. 1297, 8 L.Ed.2d 720 (1962).

■ (3) It is urged that under Pennsylvania law the City of Erie has no legal power to become a partner in CATV. Apparently this conclusion is reached by plaintiff's counsel because the charges made by the City on the franchise owner and operator are scaled depending on his gross receipts. This, says counsel, places the City of Erie in the position of becoming a partner in the CATV operation. If so, it is not a matter of federal law. The jurisdiction in this Court is under the federal-question statute, and so long as the activity of the City of Erie does not contravene federal law, this Court is not concerned with whether or not its activities may be ultra vires under state law. However, in this connection counsel for the intervenor has called this Court's attention to two recent

decisions of the Supreme Court of Pennsylvania, namely, 46 South 52nd Street Corporation v. Manlin, 398 Pa. 304, 157 A.2d 381; 404 Pa. 159, 172 A.2d 154 (1961), and City of Farrell v. Altoona CATV Corp., 419 Pa. 391, 214 A.2d 231 (1965), both to the effect that the ordinance in this case is within defendant's corporate powers, as a city of the third class can regulate CATV by ordinance. Thus the City's contention appears correct, that is that the ordinance was legally passed and that the letting of a franchise pursuant to that ordinance is within statutory authority. Plaintiff's counsel would like to characterize the situation as placing the City in a partnership with a franchise holder in the operation of CATV. However, that characterization seems to this Court to be only a matter of semantics and does not change the actuality of the situation. In any event it does not raise a federal issue. Also under this contention made by plaintiff, counsel for the City points to Pennsylvania statutes one of which is the Act of 1911, P.L. 244, Section 18, as amended, 53 P.S. § 1991, authorizing a city to issue permits determining the occupancy of its streets by public service corporations or individuals. The City also cites the Act of 1947, P.L. 1145, Section 1, as amended, 53 P.S. § 6851, which permits a city of third class, for general revenue purposes, to levy, assess and collect taxes on persons, occupations, privileges, et cetera, within the limits of such political subdivision. The latter is known as a "tax anything law," and is ample authority for the City's charges against the franchise holder. Again it is not a federal issue.

■ (4) The final point raised by plaintiff is that the ordinance conflicts with the right of free speech guaranteed by the First Amendment. Plaintiff in urging this proposition seems to the Court to be in a fuzzy or cloudy area. In the first place and as heretofore indicated, the ordinance does not in anywise seek to control the broadcast content or the broadcaster in the exercise of his judgment in the determination of

what programs will be transmitted. Thus the ordinance is careful not to infringe upon the function which Congress has delegated to the Federal Communications Commission. This proposition advanced by plaintiff is nebulous from any viewpoint and has no merit.

■■ Finally it is the opinion of this Court that once it has been decided that Congress has not preempted this field with the result that the field of CATV, including its regulation and the extent of service to be provided, is left to local authorities, plaintiff has no standing to sue in this Court. It is axiomatic that federal courts decide cases and controversies only and do not give advisory opinions. To repeat, the television signals are in the public domain. The ordinance, Section 2(e) defines CATV as meaning:

> "* * * a master community antenna * * * cables running throughout the City * * * to subscribers, * * * necessary equipment and parts for the purpose of receiving at the antenna * * * television programs or signals from television stations licensed by and operating under the supervision of the Federal Communications Commission."

Thus the ordinance speaks of physical property and facilities—i. e., structures and other equipment in the public streets in the City of Erie. Plaintiff's main contention in this case is that the proposed operation of CATV will dilute its audience and thus deprive it of the benefits of its license. This no doubt will be a result but this Court finds as have other courts that there is no property right in the television signal, and as plaintiff's rights under its license are not infringed, plaintiff has no right to relief in this court. It is not damaged or injured. The Supreme Court in 1909 in Southern Railway Co. v. King, 217 U. S. 524, 534, 30 S.Ct. 594, 596, 54 L.Ed. 868 stated:

> "It is the settled law of this court that one who would strike down a state statute as violative of the Federal Constitution must bring himself, by proper averments and showing, within the class as to whom the act thus attacked is unconstitutional. He must show that the alleged unconstitutional feature of the law injures him, and so operates as to deprive him of rights protected by the Federal Constitution."

See also Jersey City v. United States, D.C., 101 F.Supp. 702, (1950), an opinion by Judge Maris in a Three-Judge-Court case, where he says:

> "But it is a recognized principle that the judicial power may not ordinarily be invoked by one whose own rights are not affected." (Citing cases.)

The principle thus mentioned has particular application to propositions II and III advanced by plaintiff as grounds for relief. Certainly the revenues in the ordinance are not taxed against plaintiff nor is plaintiff affected thereby. Under III, whether the City of Erie has legal power to become a partner in CATV is not the concern of plaintiff. Long ago the Supreme Court held that federal courts do not entertain taxpayers' suits. See Com. of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923), where the Court says that one:

> "who assails (a statute) must show not only that the statute is invalid, but that he has sustained, or is immediately in danger of sustaining, some direct injury * * *."

The quotation just cited was recently repeated by Mr. Justice Frankfurter in Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1960).

Defendants' motion for summary judgment will be granted.

This opinion embraces the findings of fact and conclusions of law as permitted under Rule 52.