Warner-CCC Inc., Appellant *v.* City of Altoona, William C. Stouffer, et al., Appellees.

Argued May 3, 1977, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Marion D. Patterson, Jr.,* with him *Richard A. Beh-*
*rens,* and *Patterson, Every, Routch, Black & Behrens,*
for appellant.

*Paul S. Foreman,* with him *N. John Casanave,* for
appellees.

OPINION BY JUDGE WILKINSON, JR., June 16, 1977:

Section 1014 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §36014, provides that ordinances become effective 10 days after passage unless otherwise provided. Sections 1050 through 1059, 53 P.S. §§36050-36059 provide that during this 10 day period 100 qualified electors may request the city clerk to prepare a petition to be held in his office for signatures of qualified electors requesting the city council to reconsider the ordinance. If a number equal to at least 20% of the entire vote cast for all candidates for mayor at the last preceding municipal election sign the petition before 10 p.m. on the tenth day, the city council must reconsider the ordinance and if it is not entirely repealed it shall be submitted for a referendum vote in accordance with the election code.

One exception to the 10 day rule is provided in Section 1057, 53 P.S. §36057:

> No franchise or consent to occupy the public streets, highways, or other places in any city of the third class shall be given or granted to any person or persons, railroad, railway, gas, water, light, telephone or telegraph company, or to any public utility corporation, except by ordinance, and no ordinance for such purpose shall go into effect before thirty days after it has been filed with the Public Utility Commission.

Section 1058, 53 P.S. §36058, requires petitions of protest of Section 1057 ordinances be prepared and presented under the procedures provided in Sections 1050-1056 except this is to be done within the 30 day period after the ordinance has been filed with the Public Utility Commission.

The question presented by the instant appeal is whether electors protesting the passage of an ordi-

nance granting a franchise to occupy the public streets to a cable television corporation have 30 days under Section 1057 or come under the 10 day restriction of Section 1052. The trial court held that the 30 day provision applied. We disagree and reverse.

The ordinance in question was passed on February 3, 1976. On February 24, 1976 a written request containing 142 signatures was presented to the city clerk to prepare a referendum petition. On February 26, 1976, 23 days after its passage and 2 days after the request for the preparation of a protest petition,[1] a copy of the ordinance was filed with the Public Utility Commission by the City Solicitor. The ordinance was received by the Public Utility Commission on February 27, 1976. At its meeting on March 23, 1976 the Chief Counsel of the Public Utility Commission informed it that the ordinance in question had been received and that since the Public Utility Commission did not have jurisdiction on the matter, the receipt of the ordinance should be acknowledged and no further action taken. Paragraph 19 of the Stipulation filed by the parties states that the Public Utility Commission exercises no jurisdiction over cable television.

It is the appellant's position, rejected by the trial court, that the 30 day provision applies only to franchises granted to person or persons or corporations which are subject to the jurisdiction of the Public Utility Commission. We need not go that far. The appellant is a corporation. It is not a ''railroad, rail-

---

[1] The statute provides that this request be filed *during* the 30 day period *following* the filing of the ordinance with the Public Utility Commission. No objection was filed in the court below or here to this premature filing. However, it is observed that the filing of the ordinance with the Public Utility Commission 23 days after its passage and 2 days after the request that a protest petition be prepared may have been an "afterthought" to bring the request within the 30 day rule.

way, gas, water, light, telephone or telegraph company, or a public utility corporation.'' Can it be characterized as a person or persons? We think not.

The Third Class City Code, 53 P.S. §35101, does not contain a definition of person or persons. Therefore, we must look to Section 1991 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1991, which provides:

> The following words and phrases, when used in any statute finally enacted on or after September 1, 1937, *unless the context clearly indicates otherwise,* shall have the meanings ascribed to them in this section:
>
> . . . .
>
> 'Person.' Includes a corporation, partnership, and association, as well as a natural person. (Emphasis supplied.)

In Section 1057 of The Third Class City Code we find the legislature clearly was using person as persons in its usual sense as an individual or individuals. If it meant it to include ''corporation, partnership and association,'' then the subsequent words are meaningless. The customary words ''including'' or ''including but not limited to'' are notably absent.

Appellees are ''hoisted on their own petard.'' They must and do argue ably that the exact words of the statute must be followed and, therefore, it does not matter that one would wonder why the legislature would have required a vain and useless act of filing an ordinance with the Public Utility Commission when its subject matter in no way falls within the Public Utility Commission's jurisdiction. On the other hand, following the exact words of the statute, the appellant is not ''a person or persons. . . .'' and, therefore, is not within the provisions of Section 1057. It is as simple as that.

The lower court quite properly referred to but expressly did not rely upon *Farrell v. Altoona C.A.T.V. Corp.*, 419 Pa. 391, 214 A.2d 231 (1965). The issue in that case was whether an award of a franchise could be granted by resolution or only by ordinance. It was held that it could be granted only by ordinance.

Accordingly, we will enter an order reversing the trial court.

### ORDER

Now, June 16, 1977, the order of the Court of Common Pleas of Blair County, dated July 7, 1976, is reversed and the prayer of the appellant's complaint to declare the referendum petition not timely filed is granted and Ordinance No. 4437 is in full force and effect.

### DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent. In *City of Farrell v. Altoona CATV Corporation*, 419 Pa. 391, 214 A.2d 231 (1965), our Supreme Court clearly approved the grant of permission by a third class city to a *corporation* to erect and maintain a cable television system over public streets pursuant to Section 1057 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §36057. While it is true that the court in *City of Farrell, supra,* was primarily concerned with whether or not such approval had to be indicated by the adoption of an ordinance, and neither party seems to have raised the question as to whether or not a corporation, which was not a public utility corporation, was still covered by Section 1057 under the words "person or persons," I see nothing in the context of Section 1057 which would require the restrictive in-

terpretation set forth here by the majority.[1]  I would affirm the order of the lower court.

President Judge BOWMAN joins in this dissent.

---

[1] Section 1991 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1991, provides that unless the context of a statute clearly indicates otherwise, the meaning of the word "person" "[i]ncludes a corporation, partnership, and association, as well as a natural person".