**DISPATCH, INC., Appellant,**

v.

**CITY OF ERIE and Council of the City of Erie**

**and**

**Erie Television Corporation, Intervenor.**

**No. 15772.**

United States Court of Appeals Third Circuit.

Argued June 6, 1966.

Decided Aug. 5, 1966.

540

John M. Wolford, Dunn & Wolford, Erie, Pa., Edith F. Lichota, Twinsburg, Ohio (Dunn & Wolford, Erie, Pa., on the brief), for appellant.

Edward A. Pastewka, Erie, Pa. (Edward A. Pastewka, Asst. City Sol., Erie, Pa., on the brief), for appellees City of Erie and Council of City of Erie.

John W. English, Erie, Pa. (English, Gilson, Bowler, Shamp & Levin, James R. Jenks, Erie, Pa., on the brief), for intervenor, Erie Television Corp.

Before BIGGS, HASTIE and GANEY, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

The appeal at bar arises out of a suit brought by the appellant, Dispatch, Inc., a Pennsylvania business corporation, against the City of Erie, a third-class municipal corporation of Pennsylvania, and the Council of the City of Erie. Dispatch owns and operates television and radio stations known as WICU duly licensed by the Federal Communications Commission. Erie Television Corporation, also a Pennsylvania corporation, stating that it had filed an application with the Council of the City of Erie for a franchise to construct and operate a community antenna television system in the city under a city ordinance hereinafter referred to, was permitted to intervene as a party defendant. Jurisdiction is asserted pursuant to 28 U.S.C. Sections 1337 and 1331(a), with jurisdictional amount in excess of $10,000 if, in the words of the complaint, an allegation of jurisdictional amount be "necessary or relevant".

The eleventh paragraph of the complaint alleges: "The right or rights of plaintiff under its lawful license from the Federal Communications Commission would be illegally damaged and/or destroyed as well as seriously and irreparably injured by the granting of a franchise or franchises under * * * [the City of Erie] ordinance", hereinafter referred to.

The complaint asserts that by the Communications Act of 1934, 47 U.S.C. Section 151, et seq., federal legislation has preempted the field of communication by radio and television throughout the United States, that the Council of the City of Erie by its Ordinance No. 39–1965 has provided for the granting of a franchise or franchises for community antenna in the City of Erie under a cable system generally designated as "CATV",[1] that the ordinance constitutes an attempt to regulate an area of interstate communication preempted by federal legislation, is an abridgement of the right of free speech and also constitutes illegal censorship and unconstitutional form of taxation. The complaint prays for a permanent injunction against the City of Erie and the Council of Erie from effecting the provisions of the ordinance.

The ordinance, attached to the complaint as an exhibit, provides: "*Section 5. Franchise Payment.* Any grantee granted a franchise under this ordinance shall pay to the City, during the lifetime of such franchise, and at the times hereinafter specified, a sum equal to a percentage of the monthly total gross receipts of the grantee based upon proposals to be received by the Council, and such payment by the grantee to the City shall be in lieu of a license tax or similar levy and shall be paid monthly." There is also attached as part of the appellant Dispatch's appendix in this case Release G. No. 79,927 of the Federal Communica-

---

1. See Federal Communications Release G. No. 79,927.

tions Commission of February 15, 1966, which was of course not before the court below. The City of Erie and the Council of the City of Erie, the original defendants, filed an answer which denied that the court below had jurisdiction of the cause of action either under Section 1331(a) or under Section 1337, Title 28, U.S.C. and also denied preemption of the community antenna television field CATV by federal legislation. The intervening defendant also answered in substance setting up the same defenses. Both answers asked that the complaint be dismissed. All defendants moved for summary judgment pursuant to Rule 56 (b) and Rule 56(c), Fed.R.Civ.Proc., 28 U.S.C. The plaintiff also moved for summary judgment asserting that no factual issues are presented and that only the legality and constitutionality of the ordinance of the City of Erie was involved and that the case was "ripe" for summary judgment. No affidavits were filed. The court below granted the motion of the defendants for summary judgment, denied the injunction, and dismissed the complaint.

The court held that the Federal Government had not preempted the field of CATV, i. e., that the CATV system here in contemplation is not "in the exclusive federal domain by specific preemption.", citing the Federal Communications Act of 1934, 47 U.S.C., Section 151, et seq., pointing out that in Cable Vision, Inc. v. KUTV, Inc.; The Klix Corporation, 335 F.2d 348, 352 (9 Cir. 1964), the Court of Appeals for the Ninth Circuit held that television signals in the air are in the public domain and free access thereto is given to anyone to copy whatever the federal patent and copyright laws leave available for that purpose, that the Erie ordinance in no way constitutes a burden on interstate commerce simply because it is asserted that Erie lacked power to enfranchise community antenna systems, that the ordinance was not in conflict with the free speech guarantee of the First Amendment, and finally that Dispatch's rights under its FCC license were not infringed by the ordinance. See

D.C., 249 F.Supp. 267 (1966). Dispatch has appealed.

There can be no doubt that substantial constitutional issues are presented by the case at bar. The Supreme Court has repeatedly stated that such issues should not be adjudicated except upon a full and adequate record. See Villa v. Van Schaick, 299 U.S. 152, 155, 57 S.Ct. 128, 81 L.Ed. 91 (1936); Honeyman v. Hanan, 300 U.S. 14, 25–26, 57 S.Ct. 350, 81 L.Ed. 476 (1937); United States v. Raines, 362 U.S. 17, 20–22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). We deem the record here to be inadequate to permit the adjudication of the issues presented for the reasons set out hereinafter.

■ First, the court below did not have the advantage of having before it Release G. No. 79,927 of the Federal Communications Commission and upon remand it should take judicial notice of the contents of this bulletin and of the position of the Commission when it determines the issue of preemption.

■ Second, if, as Dispatch contends, the entire field of television including CATV systems such as that which is apparently proposed for Erie, is within the federal preemption, the "Franchise Payment" or tax would be unconstitutional. If, on the other hand, the proposed Erie CATV system is purely a matter of local suzerainty then no federal constitutional question is presented. Our difficulty lies in a third area, the area which has not been preempted by federal legislation but is still one of national concern and not purely one of local interest. The issue here presented is whether or not the proposed "Franchise Payment" or tax is of such a nature as to impose an unreasonable burden upon interstate commerce. Cf. City of Chicago v. Atchison, T. & S. F. R. Co., 357 U.S. 77, 88, 78 S.Ct. 1063, 2 L.Ed.2d 1174 (1958). The last issue referred to is rendered more difficult of decision by the fact that the ordinance provides in substance that a bid or bids shall be submitted to determine the amount of tax

and for this reason it is possible that the present suit may have been prematurely brought though as to this we presently express no opinion. The problem is heightened by the fact that the record furnishes no adequate description of how the CATV system in the City of Erie might be arranged or how much it would cost. The latter observation, and it can be little more on the present record, goes also to the first point set out in the preceding paragraph.

Third, the *locus standi* of Dispatch to maintain the suit is far from clear though perhaps it can be spelled out by drawing inferences from the complaint and the Erie ordinance read together.[2]

Fourth, it is difficult, if not impossible, to determine on the present record whether Dispatch will or will not suffer material or irreparable harm if an injunction be not granted and therefore whether the complaint presents a justiciable issue to the court below. Cf. Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 149, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (concurring opinion).

Fifth, the censorship or free speech issue is undeveloped and cannot be determined on the present record.

■ The case in our view is not one properly subject to summary judgment for genuine issues as to material facts are present and remain undetermined. Rule 56(c). The case is one of major importance. It should be disposed of promptly. The parties, however, must be given an opportunity to present a full and adequate record in order that the constitutional questions which are asserted may be passed upon adequately.

The judgment of the court below will be vacated and the case will be remanded for further proceedings in accordance with this opinion.

2. It would be appropriate for the court below to permit an amendment or amendments to the complaint to sharpen the

issue of Dispatch's standing to bring the suit.