LAMB ENTERPRISES, INC., a Delaware corporation, (Dispatch, Inc.), Appellant,

v.

CITY OF ERIE and Council of the City of Erie and Erie Television Corporation, (Intervenor in D. C.).

No. 16888.

United States Court of Appeals Third Circuit.

Argued May 7, 1968.

Decided June 21, 1968.

John M. Wolford, Dunn & Wolford, Erie, Pa., for appellant.

Edward A. Pastewka, Asst. City Solicitor, City of Erie, Erie, Pa., for appellee, City of Erie, etc.

John W. English, English, Bowler & Jenks, Erie, Pa., for appellee, Erie Television Corp., Intervenor in D. C. (Joseph M. Walsh, Jr., City Solicitor's Office, City of Erie, Erie, Pa., on the brief).

Before HASTIE, Chief Judge, and McLAUGHLIN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

An ordinance of the City of Erie, Pennsylvania, No. 39–1965, provides, as its title states, "for the granting of franchises for Community Antenna Television Systems; establishing regulations and conditions for the construction, maintenance and operation thereof; and the fees to be paid therefor and providing penalties for violations." The complaint in this case seeks to enjoin the city from

enforcing this ordinance and from granting any franchise under it.

On first hearing, the district court granted a motion to dismiss the complaint. Dispatch, Inc. v. City of Erie, W.D.Pa., 1965, 249 F.Supp. 267. On appeal, this court vacated the order of dismissal and remanded the cause for trial. 364 F.2d 539.

Thereafter, in appropriate pretrial procedures and at trial the district court afforded the plaintiff all proper opportunity to establish its case. After final hearing, the court denied injunctive relief and dismissed the complaint. The court's findings and conclusions were incorporated in a full and lucid opinion.

We agree with the district court's reasoning and its decision, 286 F.Supp. 865. We cannot find that the challenged ordinance on its face is in derogation of federal power over television or any federal legislation or regulation applicable to the area in question.[1] At the same time, the district court recognized, and so do we, that because the challenged ordinance has not been implemented, the question whether its actual operation will impose any undue burden on interstate commerce or infringe upon any federal province should be and is left open.

In addition, the district court found that the presently attempted anticipatory showing of harm to the plaintiff's existing enterprise in the field of commercial television in the event that the City of Erie shall issue a franchise for any Community Antenna Television System "is so meager and inadequate that there is no legal basis for the issuance of an injunction." The court also pointed out that the city is entitled "to establish and collect some remuneration for the occupancy of the municipal property by CATV system." We are satisfied that these findings and conclusions are proper on the present record. They do

not foreclose relief in the future if justifying circumstances arise in connection with the implementation of the ordinance.

The judgment will be affirmed.

---

1. We express no view whether any implementation of the ordinance may or will be invalidated by regulations issued in the future by the Federal Communications Commission under its considerable authority in this area as declared in United States v. Southwestern Cable Co., 1968, 392 U.S. 157, 88 S.Ct. 1994, 20 L.Ed.2d 1001.