Donald **DIXON**, Blair **Finkenbinder**, John **Nichols**, Dominic **Rizzelli**, Albert **Singletary**, Richard **Tyciak** and Harold **Vanderpool**, on behalf of themselves and others similarly situated, Plaintiffs,

v.

The **ATTORNEY GENERAL OF** the **COMMONWEALTH OF PENNSYLVANIA**, the Secretary of Public Welfare of the Commonwealth of Pennsylvania, the Commissioner of Mental Health of the Commonwealth of Pennsylvania and the Superintendent of **Farview State** Hospital, Defendants.

**Civ. No. 69–293.**

United States District Court,
M. D. Pennsylvania.

June 2, 1970.

**654**

James F. McClure, Jr., Lewisburg, Pa., Richard L. Bazelon, Curtis R. Reitz, Philadelphia, Pa., for plaintiffs.

Henry W. Sawyer, III, Philadelphia, Pa., amicus curiae.

Joseph P. Work, Deputy Atty. Gen., and William C. Sennett, Atty. Gen., Harrisburg, Pa., Jacques H. Fox, Asst. Atty. Gen., Fred Speaker, Atty. Gen., Morgan, Lewis & Bockius, Harrisburg, Pa., for defendant.

Before BIGGS, Circuit Judge, and SHERIDAN and NEALON, District Judges.

## OPINION OF THE COURT

### PER CURIAM.

■ The seven named plaintiffs at the time of filing the suit at bar[1] were inhabitants of Farview, the Pennsylvania mental hospital primarily devoted to the confinement, and to some degree, to the treatment of the criminally insane. The complaint alleges that albeit the seven came to Farview by different legal routes they nonetheless have one thing in common in that they are presently committed and are illegally deprived of their liberty by being confined there pursuant to proceedings conducted pursuant to Section 404 of the "Mental Health and Mental Retardation Act of 1966," 50 P.S. Section 4404. The complaint alleges that Section 404 is unconstitutional both on its face in that it is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and also asserts that Section 404 is unconstitutional "as applied" to the plaintiffs. The complaint states that the suit is a class action brought not only on behalf of the plaintiffs individually but also for the benefit of all persons at Farview similarly situated. See Rule 23, Fed.R.Civ.Proc., 28 U.S.C.[2], [3]

The plaintiffs have moved for summary judgment on the pleadings and on what are asserted to be admitted facts. A hearing was held on March 13, 1970 which partook to some degree the nature of a pretrial proceeding but argument was also held in respect to the granting or denial of the motion for summary judgment.

The Supreme Court has taken the position that constitutional questions should not be decided except on a full record. See Honeyman v. Hanan, 300 U.S. 14, 25–26, 57 S.Ct. 350, 81 L.Ed. 476 (1937), and Villa v. Van Schaick, 299 U.S. 152, 155–156, 57 S.Ct. 128, 81 L.Ed. 91 (1936). The record here is far from full and there are other difficulties in re-

---

1. We are informed that only two of the named plaintiffs are confined at Farview at the time of the filing of this opinion, and that five have been transferred to other institutions. Whether they should be stricken from the record or should be permitted to remain as plaintiffs will be a matter for further consideration at the hearing on the merits of the case.

2. The number of such persons cannot be accurately estimated on the present record but it is agreed by the parties that it runs to several hundreds. The complaint also alleges that there are subclasses under the main Section 404 class but for the purposes of this opinion it is not necessary to enumerate or describe them.

3. A three-judge court was sought by the plaintiffs and ordered by the Chief Judge of this Circuit pursuant to 28 U.S.C. Section 2284(1). An examination of the authorities convinces us that the constituting of the three-judge court was within the purview of the statute for the constitutional issues posed do not seem to be "insubstantial" in the sense of being plainly frivolous or to be patently meritorious. See and compare Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965), and Baily v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

spect to adjudication which must be considered if the suit is to be proceeded with. For example, the plaintiffs seek therapeutic treatment for themselves and the members of their class. We will not, at this time at least, expatiate upon the provisions of Rule 23 and its numerous ramifications by section and subsection, but one of the issues to be considered in the maintenance of any class action is the difficulties liable to be encountered in the management of the suit. Here the difficulties loom large for though the plaintiffs are members of a class confined pursuant to Section 404, nonetheless the plaintiffs and the members of their class are numerous and their required therapeutic treatments may be many and diverse, and the representative parties therefor may not be able to protect fairly and adequately the interests of the class. The plaintiffs have made it very plain that they insist on treatment and if treatment varies, and we are convinced that it may, it further appears that there may be no common issue of fact or law in order to maintain a right to treatment, assuming that there is a statutory or a constitutional or even a common law right to treatment.[4] Moreover, as we have said, treatments may certainly vary, and on the treatment issue how, on the present record, can it be said that the staff of Farview has acted or refused to act on grounds generally applicable to the class, and if the Farview staff has not so acted or does not so act, how can we grant appropriate final injunctive or declaratory relief? If, for example, we were to hold Section 404 unconstitutional, either on its face or in its application to the plaintiffs and to others of their class, we quite possibly would have to supervise the therapy of several hundred persons.

Could we compel the staffs of Farview and other Pennsylvania mental institutions to perform the tasks the prayers of the complaint would have performed by them and determine the status of each individual? These questions, since several hundred individuals are involved, could present a lengthy, if not almost interminable, process and might perhaps be unmanageable. We shall require further enlightenment in respect to these issues on final hearing.

■ Another issue which immediately comes to mind in the light of Rule 23 is that the complaint itself alleges that the seven plaintiffs and those in whose behalf they bring the suit have been committed to Farview because they are allegedly "mentally disabled and in need of care." We are aware, of course, that if Section 404 be held unconstitutional, their commitments are void but nonetheless they have been committed, we assume by those whose disciplines are medical or allied thereto, on the bases that the plaintiffs do possess disabilities of mind and do need therapeutic care. Is it not anomalous to have such persons act in a representative[5] capacity quite aside from the validity of their commitments? Counsel for the plaintiffs point out that Rule 17(a) states the capacity to sue or be sued in the courts of the United States must be determined by the law of the individual's domicile. The applicable law in this case is that of Pennsylvania. The plaintiffs cite Commonwealth ex rel. Swann v. Shovlin, 423 Pa. 26, 223 A.2d 1 (1966), as authority for the proposition that under Pennsylvania law the capacity of the plaintiffs to maintain the action at bar cannot be doubted. Assuming *arguendo* that the cited decision stands

---

4. Can "Care" be equated with "Treatment"? They are not synonyms. The Pennsylvania Mental Health and Mental Retardation Act of 1966, *supra*, in Section 406, employs the term "care" as if it were quite separate from "treatment", for subparagraph (a) states: "Whenever a person is believed to be mentally disabled and in need of *care or treatment* by

reason of such mental disability * * *." (Emphasis added.)

5. We will not now attempt to define the scope of the phrase "representative parties" in Rule 23(a). In view of our present disposition such a discourse is unnecessary and may be left for a later occasion.

for the proposition advanced by the plaintiffs, the decision is not helpful for Rule 17(b) contains the phrase, "other than one acting in a representative capacity." Quite aside from the fact that the plaintiffs are alleged to be acting in a representative capacity, in view of their mental malaise and need for care as plaintiffs in any law suit, we would require a guardian *ad litem* to be appointed. The fact that the plaintiffs are acting here in a representative capacity fortifies this view. Accordingly, we will appoint a guardian *ad litem*.

The plaintiffs' view is that Rule 23 does not require any notice to be given to the members of the class whom they seek to represent but, as we pointed out at the argument, there is some strong authority to the contrary. We shall not pass upon this issue now but will defer its consideration to the final hearing. We therefore will make no determination at the present time as to whether or not the suit at bar shall be deemed to be a class action.

We also are much concerned as to whether the doctrine of abstention should be applied here. It is a maxim that equity will not adjudicate an issue where the problems of fashioning a remedy are so difficult as to be almost insurmountable. We have dwelt upon this large consideration at an earlier point in this opinion. There is also a maxim that equity delights to do justice and not by halves. If we hold the statute or its application unconstitutional, we are fearful that we cannot effect a remedy and do justice to the parties. There also may be strong statutory grounds for abstention under 28 U.S.C. Section 2284(5). See for example, Government and Civic Employees Organ. Com. v. Windsor, 116 F.Supp. 354, 357–359 (S.D. Ala.1953, aff'd sub nom. Government and Civic Employees Organization Committee, CIO, et al. v. Windsor, et al., 347 U.S. 901, 74 S.Ct. 429, 98 L.Ed. 1061 (1954). Perhaps this case is one in which this court should stay its hand pending disposition of the matters here involved by the courts of the Commonwealth in order to preserve the desirable harmony between the State and Federal systems. This issue had not been argued nor touched upon insofar as the record shows.

Under the decisions cited earlier in this opinion and until the record is amplified and clarified, we may not decide the issues presently before us.

One further matter concerns us. Notice was not given to the Governor of Pennsylvania nor to the Attorney General of Pennsylvania, as specifically required by 28 U.S.C. Section 2284(2). Notice of the final hearing will be sent to the Governor and Attorney General of Pennsylvania at least five days prior to the final hearing, as required.

An order will be entered denying summary judgment and the case will be set down for final hearing as soon as possible. At that hearing the parties shall submit such further evidence as they may deem necessary or desirable and shall argue the issues referred to in this opinion and any others deemed to be pertinent.

The interim relief sought by the plaintiffs will be denied without prejudice.