**Phyllis R. RYAN et al., Plaintiffs,**

**v.**

**Arlen SPECTER, Defendant.**

**Civ. A. No. 70-2527.**

United States District Court,
E. D. Pennsylvania.

Jan. 22, 1971.

Sharon K. Wallis, Philadelphia, Pa., for plaintiffs.

T. Michael Mather, Asst. Dist. Atty., for defendant.

Before BIGGS, Circuit Judge, JOHN W. LORD, Jr., and WEINER, District Judges.

## MEMORANDUM OPINION AND ORDER

PER CURIAM.

### I.

[1] On October 30, 1970 argument was had on a motion by the defendant, District Attorney of Philadelphia County, Arlen Specter, Esquire, to dismiss [1] the complaint on the ground *inter alia* [2] that this court should abstain from deciding the issues presented at the present time, which involve the so-called Pennsylvania abortion statutes, 18 P.S. §§ 4718 and 4719. Plaintiffs seek to enjoin the enforcement of these Pennsylvania statutes on the grounds that they are unconstitutional in light of the First, Third, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments of the Constitution of the United States. Plaintiffs also seek an "interlocutory injunction" pending the hearing and determination of the prayers for permanent relief. It is clear to this court that substantial constitutional issues are raised in respect to the Pennsylvania statutes cited *supra* and that a three-judge court was properly convened and has jurisdiction of the persons and of the subject matter of this litigation. Cf. n. 2, *supra*.

As to the issue of abstention the following appears from the amended complaint, from the transcript of the hearing of October 30, 1970, or from public records and material of which we are entitled to take judicial notice. In Commonwealth v. Page, decided on September 21, 1970 by the Court of Common Pleas of Centre County, 18 P.S. § 4718 [3]

was held to be unconstitutional on the ground the statute was void for vagueness, indefiniteness, and ambiguity on it face. An appeal was taken to the Supreme Court of Pennsylvania and was listed for argument at the session of that Court commencing January 4, 1971. However, by stipulation of counsel for the parties the hearing of the appeal before the Supreme Court was postponed "Generally". Cf. Rule 83, Rules of the Supreme Court of Pennsylvania. We assume that this postponement was because United States v. Vuitch, No. 84 of the October Term 1970 was pending and was to be argued on Tuesday, January 12, 1971 before the Supreme Court of the United States. In *Vuitch*, however, the Supreme Court postponed probable jurisdiction at 397 U.S. 1061, 90 S.Ct. 1497, 25 L.Ed.2d 683, and at 399 U.S. 923, 90 S.Ct. 2235, 2236, 26 L.Ed.2d 789, did so again, but the case was set down for hearing on the merits and also for argument on three discretionary points as to whether the Court should proceed to hear and adjudicate the case or refer it back to the Court of Appeals of the District of Columbia Circuit "as a matter of sound judicial administration * * * because the case involves the validity of a statute the application of which is confined to the District of Columbia." If the latter course be pursued by the Supreme Court and the matter were to be referred back to the Court of Appeals for the District of Columbia Circuit, a considerable length of time could elapse before final determination of the merits of the case by the Supreme Court. Moreover, since the statute is one of the Dis-

---

1. Although the defendant has denominated his motion a "motion to dismiss" this label is perhaps a misnomer for the doctrine of abstention requires only that the federal court issue a stay of its proceedings until a state court has had an opportunity to construe a state statute. Cf. Whitner v. Davis, 410 F.2d 24, 28 (9 Cir. 1969). See Zwickler v. Koota, 389 U.S. 241, 244, n. 4, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

2. In his motion to dismiss the defendant also alleged that the complaint failed to state a valid cause of action. By agreement of counsel the hearing of October 30, 1970 was confined solely to the issue of abstention.

3. 18 P.S. § 4719 was not involved in the *Page* case, we assume, because no death resulted from the abortion.

trict of Columbia,[4] the effect of the decision might throw substantial light only on that statute. *Vuitch*[5] has as its principal issue whether the phrase "[an abortion] necessary for the preservation of the mother's life or health" is unconstitutionally vague on its face. The Pennsylvania statutes[6] do not contain language in any wise similar to the phrase last quoted and consequently other issues are or may be raised, perhaps not cognizable in terms of *Vuitch*.[7]

In Berman et al. v. Duggan et al., No. 723 January Term 1971, in the Court of Common Pleas of Allegheny County, 18 P.S. § 4718 was declared to be unconstitutional on the ground of vagueness. The constitutionality of 18 P.S. § 4719

was not adjudicated. But many constitutional issues asserted in the case at bar were not before the Allegheny County court. Upon inquiry, we are not informed as to whether an appeal will be taken in *Berman*.

On consideration of all of the operational facts and the law we conclude that this court should not abstain from deciding the issues presented or such one or more of them as may be proper and necessary. The circumstances of the instant case present an analogy to Baggett v. Bullitt, 377 U.S. 360, 375–378, 84 S.Ct. 1316, 1324–1326, 12 L.Ed. 2d 377 (1964).[8] If it shall appear at a later point by reason of change of cir-

---

4. 22 D.C.Code § 201.

5. See the opinion of the District Court of District of Columbia, 305 F.Supp. 1032 (1969).

6. 18 P.S. § 4718. *"Abortion.* Whoever, with intent to procure the miscarriage of any woman, unlawfully administers to her any poison, drug or substance, or unlawfully uses any instrument, or other means, with the like intent, is guilty of felony, and upon conviction thereof, shall be sentenced to pay a fine not exceeding three thousand dollars ($3,000), or undergo imprisonment by separate or solitary confinement at labor not exceeding five (5) years, or both."

   18 P.S. § 4719. *"Abortion causing death.* Whoever unlawfully administers to any woman, pregnant or quick with child, or supposed and believed to be pregnant or quick with child, any drug, poison or other substance, or unlawfully uses any instrument or other means, with the intent to procure the miscarriage of such woman, resulting in the death of such woman, or any child with which she may be quick, is guilty of felony, and upon conviction thereof, shall be sentenced to pay a fine not exceeding six thousand dollars ($6,000), or undergo imprisonment by separate or solitary confinement at labor not exceeding ten (10) years, or both."

7. We refer to the *Vuitch* case in the Supreme Court not because the doctrine of abstention applies to that Court's decision but because as a practical matter the Supreme Court may decide the *Vuitch* case in a way relevant to the case at bar.

8. As follows: "The abstention doctrine is not an automatic rule applied whenever a

federal court is faced with a doubtful issue of state law; it rather involves a discretionary exercise of a court's equity powers. Ascertainment of whether there exist the 'special circumstances,' Propper v. Clark, 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480, prerequisite to its application must be made on a case-by-case basis. Railroad Comm'n v. Pullman Co., 312 U.S. 496, 500, 61 S.Ct. 643, 645, 85 L. Ed. 971; NAACP v. Bennett, 360 U.S. 471, 79 S.Ct. 1192, 3 L.Ed.2d 1375. Those special circumstances are not present here. We doubt, in the first place, that a construction of the oath provisions, in light of the vagueness challenge, would avoid or fundamentally alter the constitutional issue raised in this litigation. See Chicago v. Atchison, T. & S. F. R. Co., 357 U.S. 77, 78 S.Ct. 1063, 2 L.Ed.2d 1174. In the bulk of abstention cases in this Court, including those few cases where vagueness was at issue, the unsettled issue of state law principally concerned the applicability of the challenged statute to a certain person or a defined course of conduct, whose resolution in a particular manner would eliminate the constitutional issue and terminate the litigation. Here the uncertain issue of state law does not turn upon a choice between one or several alternative meanings of a state statute. The challenged oath is not open to one or a few interpretations, but to an indefinite number." (Footnotes omitted.)

   In citing *Baggett*, we desire to make it clear that we do not express the slightest intimation as to the views of this court respecting the constitutionality or validity of the Pennsylvania statutes in issue.

cumstances that abstention might then be appropriate the defendant may renew his motion to abstain.

## II.

As we have indicated seemingly substantial constitutional questions are presented. See n. 3 cited to the text in Dixon v. Attorney General of Commonwealth of Pa., 313 F.Supp. 653, 654 (E. D.Pa.1970). The Supreme Court has taken the position that constitutional questions should not be decided except on a full record. Honeyman v. Hanan, 300 U.S. 14, 25–26, 57 S.Ct. 350, 81 L. Ed. 476 (1937), and Villa v. Van Schaick, 299 U.S. 152, 155–156, 57 S.Ct. 128, 81 L.Ed. 91 (1936). The record here is far from full and an adjudication of the issues presented is clearly impossible without an adequate record.

The complaint is designed to set up a class action or class actions cognizable under Rule 23, Fed.R.Civ.Proc., 28 U.S. C. and it appears that several classes or subclasses of plaintiffs may exist but of this we cannot be sure until an adequate record is completed on final hearing. It would be fruitless at the present time to try to pass on such questions.

## III.

Accordingly

It is ordered that:

(1) Defendant's motion to dismiss is denied.

(2) The trial of the case on the merits will be advanced to such date as this court or a judge thereof shall order and shall be consolidated with the hearing of the prayer for a preliminary injunction,* if that prayer be pressed, pursuant to Rule 65(a) (2), Fed.R.Civ.Proc., 28 U. S.C.

* The prayer of the complaint calls for "interlocutory relief". Rule 65(b) provides for a *"Temporary Restraining Order"* but

on the present record the grounds for a temporary restraining order have not been laid. See the provisions of Rule 65(b).