**Phyllis R. RYAN et al., Plaintiffs,**

v.

**Arlen SPECTER, District Attorney of Philadelphia, Defendant.**

**Civ. A. No. 70-2527.**

United States District Court,
E. D. Pennsylvania.

Aug. 27, 1971.

Sharon K. Wallis, Philadelphia, Pa., for plaintiffs.

T. Michael Mather, Asst. Dist. Atty., for defendant.

Before BIGGS, Circuit Judge, and JOHN W. LORD, Jr., and WEINER, District Judges.

OPINION

BIGGS, Circuit Judge.

This suit, which names 1250 persons, among others, as plaintiffs, was brought as a class action and attempts to set up a dozen or more classes or subclasses pursuant to Rule 23, Fed.R.Civ.Proc., 28 U.S.C., and presents difficult and puzzling questions of procedural and substantive law. On June 22, 1971, in a memorandum opinion, 321 F.Supp. 1109, 1110, we decided that we would not then apply the doctrine of abstention but warned, however, that should it appear at a later date that "abstention then might be appropriate", the defendant District Attorney could renew his mo-

tion to abstain. The District Attorney has in effect done so. Following the recent decisions of the Supreme Court, note 9, *infra,* and the case of Dr. King referred to hereinafter, we concluded that the question of abstention should be re-examined and that the standing of the plaintiffs to maintain the suit at bar should be scrutinized as well. Accordingly, on July 20, 1971 argument was had on these two issues. We now conclude that we should abstain from a decision of this litigation for the reasons set out below.

Insofar as we have been able to ascertain the constitutionality of the Pennsylvania abortion statutes, respectively, 18 P.S. § 4718 and § 4719, set out below [1] has never before been directly challenged. The statutes seemingly have been accepted as constitutional.[2] There are, however, presently pending before the Supreme Court of Pennsylvania two appeals which do challenge the constitutionality of the abortion statutes as follows:

(1) In Commonwealth v. Page, a motorcycle mechanic, was indicted on September 30, 1968 and was tried in the Court of Common Pleas of Centre County, Criminal Division, at No. 353—1968, for aborting, without death, two (unmarried) pregnant women pursuant to 18 P.S. § 4718. He pleaded guilty and was sentenced to imprisonment. Thereafter, in a proceeding brought under the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq., the statute was declared unconstitutional on the ground of vagueness and Page was released. *Certiorari* was granted by the Supreme Court of Pennsylvania at its No. 95, January Term 1971,[3] and the case was continued "Generally" on December 8, 1970 by stipulation of counsel pursuant to Rule 83 of the Rules of the Supreme Court of Pennsylvania,[4] "pending disposition of similar cases presently pending before the Supreme Court of the United States."[5] Rule 83 provides that counsel for the parties without notice to or order by the Supreme Court can have

---

[1]. 18 P.S. § 4718 provides: *"Abortion.* Whoever, with intent to procure the miscarriage of any woman, unlawfully administers to her any poison, drug or substance, or unlawfully uses any instrument, or other means, with the like intent, is guilty of felony, and upon conviction thereof, shall be sentenced to pay a fine not exceeding three thousand dollars ($3,000), or undergo imprisonment by separate or solitary confinement at labor not exceeding five (5) years, or both."

18 P.S. § 4719 provides: *"Abortion causing death.* Whoever unlawfully administers to any woman, pregnant or quick with child, or supposed and believed to be pregnant or quick with child, any drug, poison or other substance, or unlawfully uses any instrument or other means, with the intent to procure the miscarriage of such woman, resulting in the death of such woman, or any child with which she may be quick, is guilty of felony, and upon conviction thereof, shall be sentenced to pay a fine not exceeding six thousand dollars ($6,000), or undergo imprisonment by separate or solitary confinement at labor not exceeding ten (10) years, or both."

Under 18 P.S. §§ 4718 and 4719, a non-pregnant woman can be the subject of the crime of abortion.

[2]. See, for example, Railing v. Commonwealth, 110 Pa. 100, 1 A. 314 (1885) (use of dying declaration in abortion case) ; Commonwealth v. Willard, 179 Pa. Super. 368, 116 A.2d 751 (1955) (unnecessary for woman to be pregnant to sustain conviction), and Commonwealth v. Zimmerman, 214 Pa.Super. 61, 251 A. 2d 819 (sufficiency of proof to sustain conviction) (petition for allowance of bail denied (1969)).

[3]. See docket entries at No. 95, Supreme Court of Pennsylvania, Eastern District.

[4]. Effective February 1, 1970. See Pennsylvania Rules of Court, 1971, p. 642.

[5]. We can assume the reference was to the case of United States v. Vuitch, and to other cases. We point out, however, that the *Vuitch* case had already been set for argument and has now been decided, 402 U.S. 62, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971). The decision does not aid us in respect to the disposition of the case at bar and the statute which was before the Supreme Court in *Vuitch* is, of course, different in terms from the Pennsylvania abortion statutes.

a case continued only twice "from one argument list to another". Page's appeal is presently on the November 1971 argument list (Eastern District, Philadelphia) and could be disposed of by the Supreme Court of Pennsylvania this year.

(2) In Commonwealth v. King, at No. 37, March Term 1968, in the Court of Common Pleas of Allegheny County (Criminal Division), Dr. Benjamin A. King, a medical doctor, was tried and convicted on a charge of abortion resulting in death in violation of 18 P.S. § 4719, and was sentenced to imprisonment. He appealed to the Superior Court and at No. 493, April Term 1970, that Court on September 2, 1970 certified his appeal to the Supreme Court of Pennsylvania.[6] In his brief on his appeal to the Superior Court, King raises the issue of vagueness of Section 4719. King's appeal is on the September 1971 argument list (Western District, Pittsburgh, and could be disposed of by the Supreme Court of Pennsylvania this year.

An examination of the records, insofar as we have been able to obtain them, in *Page* and *King*,[7] demonstrates, we believe, that every substantial constitutional issue raised or which can be raised by the plaintiffs in the instant case can be adjudicated by the Supreme Court of Pennsylvania in the appeals of *Page* and *King*, presumedly consolidated for argument.[8] Of course neither Page nor King are parties to the instant suit and have not requested any relief pursuant to its prayers. While recent decisions[9] of the Supreme Court of the United States have limited to some degree, we believe, the reach of a Section 2281 Three-Judge Court in granting relief, no decision of the Supreme Court which has been cited to us or which our own research has disclosed is on all fours with the instant case. *Younger* was distinguished from Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), in Mr. Justice Black's majority opinion on the ground of harassment.[10] See *Younger, supra,* 401 U.S. at 42, 91 S.Ct. 746, but compare Mr. Justice Brennan's opinion concurring in the result at 56, 91 S.Ct. at 755 and the concurring opinion of Mr. Justice Stewart at 55, 91 S.Ct. 746. Cf. Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964), where piecemeal adjudication and protracted delays were abhored. This was the University of Washington loyalty oath case involving First Amendment rights of freedom of speech. First Amendment rights are invoked here but the Supreme Court of Pennsylvania without more ado might declare the statutes unconstitutional as was done in *Page* and in Berman v. Duggan.[11] Or the Supreme

---

6. The order of presiding Judge Wright of the Superior Court states: "And now, June 17, 1971, Counsel having agreed in open court that the above appeal *involves the constitutionality of the Act of June 24, 1939, P.L. 872, Sec. 719 (18 P.S. 4719) relating to abortion,* and that the appeal in Commonwealth, Appellant v. Barry Graham Page, No. 95 January Term, 1971, now pending in the Supreme Court of Pennsylvania, involves the same question, therefore the above appeal is certified to the Supreme Court of Pennsylvania." (Emphasis added.)

7. The *King* appeal tenders an issue which conceivably might require a new trial, *viz.,* whether King, a Negro, was indicted and tried by a jury of his peers. This issue insofar as the record shows was not raised prior to King's trial or at his trial. One may doubt its present availability as a defense.

8. The opinions of the Courts in *Page* and *King* are unreported.

9. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, and Samuels v. Mackell, 401 U.S. at 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Perez v. Ledesma, 401 U.S. at 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Dyson v. Stein, 401 U.S. at 200, 91 S.Ct. 769, 27 L.Ed.2d 781; Byrne v. Karalexis, 401 U.S. at 216, 91 S.Ct. 777, 27 L.Ed.2d 792, and Boyle v. Landry, 401 U.S. at 77, 91 S.Ct. 758, 27 L.Ed.2d 696, were all decided February 23, 1971.

10. We deem it unnecessary in this opinion to enter the semantic quagmire which a comparison of the meanings of "harassment" and "chilling" would require.

11. See No. 723 January Term 1971, Court of Common Pleas of Allegheny County (Civil Division), Vol. 119 P.L.J. 226

Court of Pennsylvania might put an interpretation upon the statutes which might render moot some or all of the plaintiffs' contentions. Zwickler v. Koota, 389 U.S. 241, 248–249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

The decision as to constitutionality of the Pennsylvania abortion statutes might well turn on the word "unlawfully". We have found no other state statute like it in its bald simplicity. The cases presently pending in the Supreme Court of the United States or likely to come before it in all probability cannot be based on any statute similar to the Pennsylvania statute *sub judice*. See for example the statute before the Supreme Court of the United States in *Vuitch*.[12] The Supreme Court of Pennsylvania is or will be as aware of this fact as are we.

We point out that a decision by this court declaring the Pennsylvania abortion statutes unconstitutional would not be binding on the Supreme Court of Pennsylvania. See United States ex rel. Lawrence v. Woods, 432 F.2d 1072 (7 Cir. 1970) and Alabama State Federation of Labor, etc. v. McAdory, 325 U.S. 450, 459–460, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945). If we were to hold these Pennsylvania statutes unconstitutional

and the Supreme Court of Pennsylvania should, after putting a gloss upon them, declare them to be constitutional, an awkward and probably unworkable situation would arise, whether in Philadelphia County alone or throughout Pennsylvania.[13] Chaos might ensue.

Comity considerations here are very strong and policy seems to be as important here as comity without regard to the anti-injunction statute, 28 U.S.C. § 2283. See again Mr. Justice Stewart's concurring opinion in Younger v. Harris, *supra*, 401 U.S. at 55, 91 S.Ct. 746.

We conclude that we should presently abstain for a reasonable time from deciding the case at bar.

The issue of standing of the various plaintiffs to maintain the suit presents questions and issues of great moment and of great difficulty. See again *Younger, supra,* at 42–51, 91 S.Ct. 746. In view of our decision respecting abstention, we will refrain from adjudicating them at this time. We will retain jurisdiction, however, of this case for what we deem to be an appropriate length of time.

An order will be entered in conformity with this opinion.

---

and 242 (opinions of July and August 1971). 18 P.S. § 4718 was under attack. The statute was held unconstitutional on the ground of vagueness.

12. We have examined opinions or records in several cases now pending before the Supreme Court of the United States: *vide* No. 808, October Term 1970, Rose v. Wade; No. 1010 October Term 1970, Rosen v. The Louisiana State Board of Medical Examiners; No. 971 October Term 1970, Doe v. Bolton; No. 1328 October Term 1970, Lashley v. Maryland; No. 728 October Term 1970, Hodgson

v. Randall. None of the foregoing cases has *sub judice* a statute similar to the Pennsylvania abortion statutes. The Pennsylvania statutes seem to be *sui generis*.

13. In this connection see Commonwealth ex rel. Specter v. Martin, 426 Pa. 102, 232 A.2d 729 (1967); Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322 (1935); Rorick v. Board of Commissioners, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939), and Moody v. Flowers, 387 U.S. 97, 101–102, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967).